

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

304-345-2200
FAX: 304-347-5104

February 7, 2025

Timothy J. LaFon
Ciccarello, Del Giudice, & LaFon
1219 Virginia Street, East, Suite 100
Charleston, WV 25301

Re:  United States v. Braulio Villa-Chairez a/k/a "Raul"
     Criminal No. 2:24-cr-00176 (USDC SDWV)

Dear Mr. LaFon:

This will confirm our conversations with regard to your client, Braulio Villa-Chairez a/k/a "Raul" (hereinafter "Mr. Villa-Chairez"). As a result of these conversations, it is agreed by and between the United States and Mr. Villa-Chairez as follows:

1. **PENDING CHARGES.** Mr. Villa-Chairez is charged in a single-count Indictment with a violation of 21 U.S.C. § 846 (Conspiracy to Distribute a Quantity of Methamphetamine).

2. **RESOLUTION OF CHARGES.** Mr. Villa-Chairez will plead guilty to the single-count Indictment charging a violation of 21 U.S.C. § 846.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Villa-Chairez will be exposed by virtue of this guilty plea is as follows:

   (a)  Imprisonment for a period of up to 20 years;

   (b)  A fine of $1,000,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

_____
Defendant's Initials

Timothy J. LaFon
February 7, 2025
Page 2

Re: Braulio Villa-Chairez a/k/a "Raul"

    (c)  A term of supervised release of at least 3 years;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)  Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Villa-Chairez for a period of 5 years; and

    (f)  An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.  **SPECIAL ASSESSMENT.** Mr. Villa-Chairez has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Villa-Chairez agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.  **PAYMENT OF MONETARY PENALTIES.** Mr. Villa-Chairez authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Villa-Chairez agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Villa-Chairez further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

                                                                                      Defendant's Initials

Timothy J. LaFon                Re: Braulio Villa-Chairez a/k/a "Raul"
February 7, 2025
Page 3

Mr. Villa-Chairez authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Villa-Chairez shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Villa-Chairez agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6. **COOPERATION.** Mr. Villa-Chairez will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Villa-Chairez may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Villa-Chairez, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

                                                    _____
                                                    Defendant's
                                                    Initials

Timothy J. LaFon
February 7, 2025
Page 4

Re: Braulio Villa-Chairez a/k/a "Raul"

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Villa-Chairez for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Villa-Chairez for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Villa-Chairez stipulate and agree that the facts comprising the offense of conviction and the relevant conduct for that offense, include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Villa-Chairez agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Villa-Chairez or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Villa-Chairez knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Villa-Chairez understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from

Defendant's Initials

Timothy J. LaFon  
February 7, 2025  
Page 5  
       Re: Braulio Villa-Chairez a/k/a "Raul"

the plea agreement.

  10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Villa-Chairez knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Villa-Chairez also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 21 U.S.C. § 846, is unconstitutional, and (2) Mr. Villa-Chairez's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 846.

  The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

  Mr. Villa-Chairez also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

  The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

  11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Villa-Chairez knowingly and voluntarily waives all rights, whether asserted

*B.V.*  
Defendant's Initials

directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Villa-Chairez;

(f) Advise the Court concerning the nature and extent of Mr. Villa-Chairez's cooperation; and

(g) Address the Court regarding the issue of Mr. Villa-Chairez's acceptance of responsibility.

13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Villa-Chairez violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

14. **ENTIRETY OF AGREEMENT.** This written agreement

_____
Defendant's Initials

Timothy J. LaFon
February 7, 2025    Re: Braulio Villa-Chairez a/k/a "Raul"
Page 7

constitutes the entire agreement between the United States and Mr. Villa-Chairez in this matter. There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Villa-Chairez in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

>                    WILLIAM S. THOMPSON
>                    United States Attorney
>
> By:    */s/ Jeremy B. Wolfe*
>                    JEREMY B. WOLFE
>                    Assistant United States Attorney

JBW

*Defendant's Initials: B.V.*

Timothy J. LaFon
February 7, 2025         Re: Braulio Villa-Chairez a/k/a "Raul"
Page 8

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____         7-9-25
Braulio Villa-Chairez a/k/a "Raul"      _____
Defendant                                Date Signed

_____         7/9/25
Timothy J. LaFon                        _____
Counsel for Defendant                    Date Signed


                                        _____
                                        Defendant's
                                        Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-cr-00176

BRAULIO VILLA-CHAIREZ a/k/a "Raul"

### STIPULATION OF FACTS

The United States and Braulio Villa-Chairez a/k/a "Raul" (hereinafter "Defendant," "Me," "My," or "I") stipulate and agree that the facts comprising the offense of conviction (the charge contained within the single-count Indictment in the Southern District of West Virginia, Criminal No. 2:24-cr-00176) and the relevant conduct for that offense, include the following:

1. Beginning in March 2024 until in or about October 2024, I knowingly participated in a conspiracy with other people to distribute quantities of methamphetamine in Charleston, Kanawha County, West Virginia, and elsewhere. I would assist the conspiracy by shipping methamphetamine to West Virginia and elsewhere.

2. In July 2024, after receiving instructions from a co-conspirator, I shipped two separate packages that I knew to contain methamphetamine from Houston, Texas, to a customer in West Virginia. I now know that the customer was an informant working on behalf of law enforcement. Upon arriving in West Virginia, both packages were seized and searched by law enforcement officers. I agree that the first package contained 991.2 grams of methamphetamine ("ice") and the second package contained 986.5 grams of methamphetamine ("ice").

3. On or about July 18, 2024, in Houston, Texas, I picked up a package containing $4,800 in United States currency sent from the same customer, notified a co-conspirator that I had obtained the currency, and then re-shipped it to the State of Washington. I know that this currency represented proceeds from the sale of methamphetamine.

**PLEA AGREEMENT EXHIBIT A**

4. In August 2024, I shipped a package that I knew to contain methamphetamine to the State of Alabama. Upon arriving in Alabama, the package was seized and searched by law enforcement officers. I agree that the package contained approximately 963.8 grams of methamphetamine.

5. In October 2024, I assisted a co-conspirator who was delivering methamphetamine to West Virginia by car. To assist him, I provided him with directions to a hotel and a casino in Charleston, Kanawha County, West Virginia. I knew the co-conspirator was delivering methamphetamine to a customer and agree that he was delivering approximately 5905 grams of methamphetamine ("ice") and approximately 4402.9 grams of methamphetamine.

6. I agree that methamphetamine is a Schedule II controlled substance under federal law.

7. I agree that I am responsible under the United States Sentencing Guidelines for more than 90,000 kilograms of converted drug weight.

8. I also agree that Charleston, Kanawha County, West Virginia, is within the Southern District of West Virginia.

9. Finally, I agree that I have lived under the name Jose Jesus Villa-Chairez in the past and have been convicted of two federal felony offenses under that name.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____    7.9.25
Braulio Villa-Chairez a/k/a "Raul"    Date
Defendant

_____    7/9/25
Timothy J. LaFon    Date
Counsel for Defendant

_____    7/10/25
Jeremy B. Wolfe    Date
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT A
2